The State v. Stone.

---

## THE STATE v. STONE.

1. **Criminal Law**: CONTINUANCE FOR ABSENCE OF WITNESS: FACTS ENTITLING TO. It appearing from the record in this case that the defendant had used due diligence to secure the attendance of a material witness, and had shown reasonable excuse for not at an earlier day making an application for a continuance on account the absence of such witness, *held*, in view of the circumstances of the case, (see opinion,) that the court erred in overruling his application, and that the judgment of conviction should be reversed.

*Appeal from Bremer District Court.*

WEDNESDAY, DECEMBER 10.

THE defendant was tried and convicted for the larceny of a certain sorrel mare, and he appeals.

*Gibson & Dawson* and *S. T. Richards*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

The State v. Stone.

ROTHROCK, CH. J.—The indictment against the defendant was presented at the December term, 1882. The defendant was arraigned, and pleaded not guilty, and by consent the cause was continued for the term. On the second day of the next term, which commenced April 2, 1883, the defendant filed a motion for a continuance, on the ground of the absence of a witness. The motion for a continuance was overruled. Thereupon the defendant filed an amended motion for a continuance, which, on the third day of the term, was overruled. The defendant excepted to the ruling, and now insists that the same was erroneous, and greatly to his prejudice. The state objected to these applications for continuance, upon the grounds that they were not made before noon of the second day of the term, and because the motions did not show sufficient diligence to procure the attendance of the witness.

The mare in question was stolen from a pasture, and soon thereafter she was found in the possession of the defendant, at the village of Brush Creek, in Fayette county, where the defendant traded or exchanged her for another horse. The defendant did not deny these facts, but his defense was that, while traveling on foot from Plainfield to Edgefield, he purchased the mare from a man who stated his name to be White, and that one Dean was a traveling companion with defendant, and was present when he bought and paid for the mare. He claimed to be able to prove these facts fully by Dean, and it was to procure his testimony that he asked the continuance. The affidavits for continuance show that the defendant commenced to search for Dean about the twelfth of March, 1883, in order to secure his attendance at the trial. If the affidavits state the truth, this search was continued with reasonable diligence up to the time of the trial. It was stated in the affidavits that, on the Saturday before the commencement of court on Monday, defendant ascertained that said witness had removed from Wadena to about fourteen miles from Calmar, in Winneshiek county. The defendant

The State v. Stone.

and his attorney resided eighty-five miles from Waverly, where he was tried, and they show what appears to us to be a reasonable excuse for not being present and making the application for a continuance at an earlier period than they did.

We think the motion for a continuance should have been sustained. It appears to us that the cause should at least have been continued to a later day in the term, to give the defendant an opportunity to produce the man Dean, if there was any such man, and the affidavits in support of a motion for continuance cannot be controverted. We are the more ready to make this ruling and give the defendant another trial, because three of the most important witnesses for the state were not examined before the grand jury, and no notice that they would be called as witnesses was given to the defendant until the twenty-third day of March, 1883, a very few days before the trial. And we may further say that the defendant proved beyond question that his character for honesty and integrity was good up to the time the mare was stolen. We do not wish to be understood as holding that a man of good character may not commit crime, but such a man is much less likely to put up a false application for the continuance of a criminal charge against him than a profes-sional thief would be to do so.

REVERSED.